IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELAINE K. LANGLEY                                                                PLAINTIFF

vs.                             CASE NO. **4:05CV01853GH**

AETNA LIFE INSURANCE CO.                                      DEFENDANT

## **ORDER**

Plaintiff filed her complaint against defendant pursuant to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. seeking long term disability (LTD) benefits under an employee benefit plan (Plan) provided by Arkansas Children's Hospital (ACH) to its employees. The parties have filed cross motions for summary judgment and plaintiff has filed a motion to remand.

ACH provides LTD benefits to eligible employees under a LTD Plan. The Plan is insured by Aetna Life Insurance Company (Aetna) which is also the claims administrator for the Plan.

The Plan provides payment of LTD benefits for the first twelve months if the employee is not able, solely because of disease or injury, to perform the material duties of the employee's own occupation. After the twelve months, an employee is entitled to LTD if she is not able, solely because of injury or disease, to work at any reasonable occupation. Reasonable occupation is "any gainful activity for which [the employee is], or may reasonably become, fitted by education, training or experience. (ALIC001256).

Plaintiff worked as an Early Childhood Development Specialist at ACH from March 16, 1992 until May 23, 2001. Pursuant to her employment, she was covered under a group short and long-term disability plan issued by Aetna to ACH. Plaintiff submitted six disability claims under the Plan. Five of the claims were for short-term disability (STD) benefits stemming from bouts with bacterial pneumonia and bronchitis in 2000 and 2001.

-1-

Aetna approved plaintiff's claim for LTD in November 2001, finding that she had become totally disabled from her usual occupation and was eligible for monthly benefits starting July 30, 2001 (ALIC 00158).

In the summer of 2002, Aetna began reevaluating plaintiff's claim under the "any occupation" definition of disability. Karen Lorenz, RN, initially determined that the information in plaintiff's file was inconclusive and suggested obtaining current medical information, restrictions and limitations.

Plaintiff, on September 19, 2002, informed Aetna that she cannot work due to her asthma and therapy vest. Plaintiff stated that in the past year she had at least six asthmatic reactions to something in the environment and gets "deathly ill" around any irritants or aerosols. She also said that she had to spend at least ten minutes several times a day using her therapy vest to clear her lungs. (ALIC 00191).

Aetna obtained an updated evaluation from Dr. Tyrone Lee, plaintiff's treating pulmonologist in October 2002 (ALIC 001078). Dr. Lee stated that plaintiff's condition would be affected by exposure to the public and he did not expect her medical condition to improve. He stated that "This is not a question of whether or not [plaintiff] can tolerate sedentary work or not. She is susceptible to repeated infections secondary to bronchiectasis and sinusitis which can occur and have occurred frequently enough to result in multiple missed days of work." (ALIC 001080).

Lorenz reviewed plaintiff's file on October 28, 2002, and determined that plaintiff's restrictions and limitations of no exposure to the public were reasonable based on her history of repeated bouts of pneumonia with hospitalization. Lorenz referred the file to the vocational department for an any occupation review (ALIC 00200).

On February 7, 2003, Aetna's vocational rehabilitation department determined that plaintiff was not appropriate for vocational rehabilitation given her restriction of being exposed to the public. (ALIC 00202).

On May 27, 2004 Aetna requested that plaintiff provide an updated Attending Physician's Statement ("APS"), medical records, medical authorization and completed Claim Questionnaire. (ALIC 00215). Dr. Lee returned the APS on June 2, 2004, stating that plaintiff's primary diagnosis was asthma and her secondary diagnosis was bronchiectasis. He noted that her asthma was clinically stable and that her condition was treated with her vest therapy and medications. He noted that she was able to work cooperatively with other in a group setting free of dust, allergens and smoke. There were no activity restrictions but that plaintiff is susceptible to repeated infections secondary to bronchiectasis and sinusitis. These infections are aggravated by exposure to infected persons, smoke, allergens, etc. He would not indicate the number of hours or days plaintiff is able to work, and opined that plaintiff could not participate in a vocational rehabilitation job training program due to her susceptibility to repeated infections (ALIC 00855-56).

Plaintiff also completed a Claim Questionnaire on June 2, 2004. In that she stated that she cooked, shopped, did laundry and cleaning on a regular basis and walked 30 minutes three times a week, indoors or outdoors as humidity, wind, or air quality permit She stated that she was unable to engage in any occupations because of her susceptibility to pneumonia and sinusitis by exposure to illness and allergens which result in frequent sick days. She informed Aetna that she was receiving Social Security Disability (ALIC 00861-62).

On August 18, 2004, Maria I. Angelillo, RN, reviewed plaintiff's claim, including the updated information, and concluded that plaintiff's file lacked documentation to support "objective evidence of impairment preventing claimant from performing sedentary work duties." (ALIC 00236-37). Plaintiff's file was sent to the Vocational Rehabilitation department for a Labor Market Survey/Transferrable Skills Analysis (LMS/TSA), which was performed on September 1, 2004. (ALIC 00239). Because Angelillo determined that plaintiff had capacity to perform sedentary work, the LMS/TSA concentrated on whether sedentary jobs were available in the appropriate labor market for which plaintiff was

-3-

qualified and could earn a reasonable wage (ALIC 00240-41). Aetna's LMS/TSA identified several sedentary positions, including billing clerk, accounts payable clerk and administrative assistant (ALIC 00244, 609-11).

By letter dated September 10, 2004, Mary Witek, Senior Technical Specialist for Aetna, notified plaintiff that she was no longer eligible to receive LTD benefits (ALIC 00605-608). Plaintiff appealed that decision on November 10, 2004 (ALIC 00597-602). She noted that she continues to have asthma, bronchiectasis and repeated infections and that she continues to receive Social Security disability benefits. Pursuant to Aetna's request, plaintiff submitted additional medical information (ALIC 00824). On December 22, 2004, Aetna referred plaintiff's appeal for medical review (ALIC 00593).

Paul R. Raford, M.D., MPH, CIME, who is board certified in Occupational Medicine and as an Independent Medical Evaluator, performed the medical review (ALIC 00585-591). Dr. Raford found that the "records reviewed contain no objectively validated medical data that supports medical impairment such as to constitute total medical impairment or incapability to work in any sedentary occupation as of 8/10/04 . . " He stated that plaintiff's persistent cough and shortness of breath are neither severe or of sufficient magnitude as to preclude sedentary work. Furthermore, he found risk of infection not to be demonstrable in plaintiff's case, and cannot be regarded as a sufficient medical consideration to preclude work.

By letter dated February 17, 2005, Aetna upheld its termination of plaintiff's benefits. Aetna noted that Dr. Raford "stated that the records in [plaintiff's] file fail to establish the presence of any substantial an [sic] ongoing medical pathology or even for [sic] any particular persistent symptoms such as cough or shortness of breath. To support this opinion, Dr. Raford notes that you maintain all activities of daily living, you actively exercise, and you demonstrate no decreases in the results of your pulmonary function studies or oxygen saturation levels. From his review, Dr. Raford stated you would be capable of sedentary level work." Aetna informed plaintiff that pursuant to the LMS, three

-4-

occupational opportunities were identified which Aetna opined plaintiff could perform; an accounting clerk at Arvest Bank, an administrative assistant at Moore, Stephen, Frost, C.P.A. and an accounting clerk II for the City of Little Rock finance department (ALIC 00583-585).

On May 25, 2005, plaintiff's counsel sent a letter stating that plaintiff is still disabled, and noting that Dr. Lee had never returned plaintiff to work. Counsel asked that plaintiff's file be reviewed by a qualified physician (ALIC 00285).

On June 20, 2005, Dr. Carter, plaintiff's primary care physician, sent Aetna by facsimile an APS dated June 17, 2005 (ALIC 00519-21). He has treated her for a number of years. He stated that she is not able to work cooperatively with others in a group setting but could do sedentary work activity. He said the only restriction plaintiff had was to avoid others and infectious diseases in the community at any given time. He said that she does not need to be around other people. The objective findings that substantiate an impairment are, according to Dr. Carter, recurrent infections of upper and lower respiratory tracts with severe wheezing and difficulty in breathing.

By letter dated June 29, 2005, Aetna notified plaintiff that it had considered the June 17, 2005 APS and that the original decision terminating LTD benefits is upheld. In particular, Aetna wrote: "The doctor recommended that you stay away from infectious disease and others. This information does not show that you currently have restrictions and limitations from performing any reasonable occupation. The medical did not provide specific information that showed what your current level of functioning is and what specifically prevents you from working other than recommendations on things to avoid." (ALIC 00506).

Dr. Carter wrote a letter to Aetna on plaintiff's behalf dated July 11, 2005 (ALIC 00505). He states:

> I have been treating her since 1992, and her condition has been gradually deteriorating over the last few years. In the last several months, any time she is working in public for several days, she becomes ill usually with a respiratory system infection brought on in part by her worsening asthma

-5-

> together with exposure to infectious agents to which we are all exposed in any work environment outside the home. Her last employer "fired" her for missing too much work due to recurrent illness. For these reasons, she is unable to return to work due to disability from asthma.

Aetna reviewed and considered this new information and in a letter dated September 7, 2005, stated:

> The letter that Dr. Carter wrote on July 11, 2005 indicated that every time you work in the public for several days you become ill with an upper respiratory infection. However, if you remain out of work and are appealing your disability, your recurrent infections are still happening even though you are not at work. The statement by Dr. Carter indicating that your recurrent infections are from working with the public in a work environment can not be validated.
> Although you are getting recurrent infections you were being treated with antibiotics and this in itself should not prevent you from doing sedentary activity. We have no medical evidence that supports restrictions and limitations based on your asthma diagnosis.

(ALIC 00497). Aetna informed plaintiff that it would not conduct any further review and that she had exhausted her appeal rights under ERISA. She then filed this action.

Where a plan gives the administrator "discretionary authority to determine eligibility for benefits," the Court reviews the administrator's decision for an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Here, the plan provides Aetna with discretionary authority to determine eligibility for benefits.

Under the abuse of discretion standard, the administrator's decision will be upheld if it is reasonable, that is supported by substantial evidence. *Fletcher-Merit v. Noram Energy Corp.*, 250 F. 3d 1174, 1179 (8th Cir. 2001). "While the administrator's decision need not be supported by a preponderance of the evidence, there must be 'more than a scintilla.'" *House v. Paul Revere Life Ins. Co.*, 241 F.3d 1045, 1048 (8th Cir. 2001) (citation omitted).

Plaintiff contends that Aetna's decision is arbitrary and capricious, and not supported by substantial evidence. She asserts that Aetna did not adequately evaluate her vocational abilities taking into account her disabilities.

Aetna concluded that plaintiff could perform sedentary work. A TSA was performed, to determine whether plaintiff has transferable skills based on her current functional capacity, work history and education and reasonable wage (ALIC 00244). The TSA found that plaintiff has skills that transfer to other occupations, finding identifying billing clerk, accounts payable clerk and administrative assistant as other occupations that appear to be appropriate.

In making this assessment, Aetna did not consider the limitations and restrictions identified by her treating physicians, that is the need to avoid contact with others and infectious diseases in the community (e.g. ALIC 00521). Indeed, in response to Aetna's questionnaire dated October 15, 2002, Dr. Lee stated: "This is not a question of whether or not [patient] can tolerate sedentary work or not. She is susceptible to repeated infections secondary to bronchiectasis and sinusitis which can occur and has occurred frequently enough to result in multiple missed days of work" (ALIC 001080).

That Aetna did not consider plaintiff's limitations of contact with others to avoid infection is demonstrated by the occupations it considered appropriate for plaintiff. One of the jobs identified was an Accounting Clerk II. Among the essential job functions is "[m]eets the public at the cashiers' window and receives traffic, criminal violations, and Environmental Court fines and fees." (ALIC 00612). Such a position would appear to be contraindicated by the overwhelming medical documentation stating that plaintiff should avoid contact with the public.

Certainly plaintiff's medical situation may have stabilized because she is no longer working and being constantly exposed to environmental elements which cause or exacerbate her respiratory problems. Evidence in the record supports that when plaintiff returns to work, she gets infections resulting in excessive absenteeism. That plaintiff also gets respiratory infections in the absence of working does not logically lead one to conclude that she should be able to work. She is susceptible to infections under certain working conditions, which is supported by the medical evidence. Arguably, Aetna would prefer to

have plaintiff return to work, and suffer the consequences of exposure to people and the environment. There is just no assurance that plaintiff will not suffer from asthma, sinusitis or bronchiectasis once sent back to work. Indeed, the medical evidence and treating physicians' opinions indicate otherwise.

The Court cannot decide as a matter of law that plaintiff is entitled to benefits. The Court finds that remand to the plan administrator to consider additional information is warranted in this instance. *See Abram v. Cargill, Inc.*, 395 F. 3d 882, 887 (8th Cir. 2005) (court may remand when plan administrator fails to make adequate findings or explain rationale for its decision). In particular, the Plan Administrator should reconsider whether plaintiff can work in any reasonable occupation given the limitations identified by her physicians. Furthermore, the Plan Administrator should obtain and consider the Social Security records. *See Harden v. American Express Financial Corp.*, 384 F. 3d 498, 500 (8th Cir. 2004)(case remanded to MetlLife to reopen the administrative record, obtain and review Social Security records, and make new determination of claim)..

Accordingly, the case is remanded to Aetna with instructions to receive additional evidence and make a determination as to whether plaintiff is entitled to continuation of LTD benefits.

Because action by the Plan Administrator may be dispositive of the issues in this case, the Clerk is directed to administratively terminate this case in his records without prejudice to plaintiff filing a motion to reopen if necessary for further proceedings. All pending motions are denied as moot.

IT IS SO ORDERED this 10th day of April, 2007.

*George Howard Jr*
UNITED STATES DISTRICT JUDGE

-8-